UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH RUTH, | No. 2:26-cv-01130-DAD-SCR |
| Plaintiff, | |
| v. | ORDER |
| ACADEMY OF ART UNIVERSITY OF SAN FRANCISCO, | |
| Defendant. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted a declaration listing his income and expenses and averring an inability to pay the costs of this proceeding. The motion to proceed IFP (ECF No. 2) will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I.  SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.    The Complaint

Plaintiff's complaint lists one Defendant, the Academy of Art University of San Francisco. Plaintiff alleges federal question jurisdiction based on the Americans with Disabilities Act ("ADA"). ECF No. 1 at 4. The statement of facts in its entirety is: "Refused to create a personalized plan of accommodations to reason accommodate me told me I was too old Falsely accused me of terrorist threats Forced to drop out & told they would [illegible] to resign up."[1] *Id.* at 5. Plaintiff seeks monetary damages of at least $200,000.

C.    Analysis

Plaintiff's complaint does not comply with Rule 8 in that it fails to put Defendant adequately on notice of the claims against it. The brief factual allegations are conclusory. There are no dates pled and there is no description of the facts at issue—there are only conclusory statements about a refusal to accommodate and false accusations.

Plaintiff's complaint also does not state a claim on which relief can be granted for the same reasons that it does not comply with Rule 8. A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Twombly*, 550 U.S. at 555-57; *Iqbal*, 556 U.S. at 678. To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

////

---

[1] The statement is handwritten, somewhat difficult to decipher, and largely lacking in punctuation.

3

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff does not allege under what Title of the ADA he brings his claim. The ADA has been described as containing a "broad mandate" designed to "remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674-75 (2001). "To effectuate its sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *Id.* at 675. Plaintiff has not alleged facts concerning his relationship with Defendant. Plaintiff does not allege he was an employee. Plaintiff uses the phrase "drop out," so perhaps he was a student.

If Plaintiff is attempting to bring a claim under Title II of the ADA, in order to show that a public program or service violated Title II, "a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). However, "Title II of the ADA does not apply to private universities. Title II of the ADA applies to 'public entit[ies].'" *Ma v. Densmore*, 2021 WL 2682569 (W.D. Wash.) (quoting 42 U.S.C. § 12132). On the other hand, if Plaintiff is attempting to bring a claim under Title III of the ADA, plaintiff must plead the following elements: "(1) the plaintiff was disabled within the meaning of the Act; (2) the plaintiff was discriminated against on the basis of that disability; and (3) the defendant owns, leases or leases to or operates a place of public accommodation." *Hernandez v. Cty. of Monterrey*, 70 F.Supp.3d 963, 972 (N.D. Cal. 2014). Courts regularly find private education instituions to be places of public accommodation for purposes of Title III. *See Regents of Mercersburg Coll. v. Republic Franklin Ins. Co*., 458 F.3d 159, 165 (3rd Cir. 2006) (stating that a private secondary and college preparatory boarding school was a "'place of education,' and, accordingly, a 'public accommodation' under [ADA Title III]"); *Guckenberger v. Bos. Univ.*, 974

4

F. Supp. 106, 133 & n.24 (D. Mass. 1997) (holding that a private university was a "public accommodation" under Title III).

Finally, Plaintiff has not alleged that he is a qualified person with a disability or alleged facts that would make his status as a disabled person plausible.

Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Plaintiff has not alleged sufficient factual content to state a claim. However, given the vagueness and brevity of the factual allegations, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege facts supporting a cognizable cause of action.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438,

456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. Plaintiff must allege enough factual content in support of his claims to state a claim to relief that is plausible on its face. !

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: April 21, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6