UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMIAH RUTH,

              Plaintiff,

      v.

ACADEMY OF ART UNIVERSITY OF SAN FRANCISCO,

              Defendants.

No.  2:26-cv-01130-DAD-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se and accordingly this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The Court previously granted Plaintiff leave to proceed in forma pauperis and screened the complaint.  ECF No. 3.  The Court found the complaint legally deficient and granted Plaintiff leave to amend.  Plaintiff has not filed an amended complaint, and the Court now recommends the action be dismissed for failure to state a claim and failure to comply with Federal Rule of Civil Procedure 8 as set forth in the prior screening order.

////

1

## I.    Background and Procedural History

Plaintiff filed this action on March 26, 2026, and the complaint alleged that jurisdiction was based on the Americans with Disabilities Act ("ADA").  ECF No. 1.  Plaintiff also filed a motion to proceed in forma pauperis.  ECF No. 2.  On April 22, 2026, this Court issued an order pursuant to 28 U.S.C. § 1915 screening the complaint and granting leave to proceed IFP.  ECF No. 3.  The screening order advised Plaintiff that the very brief complaint failed to comply with Rule 8 and did not put Defendant adequately on notice of the claims against it.  ECF No. 3 at 3. The order explained federal pleading standards and that Plaintiff had not stated a claim under the ADA.  *Id*. at 2-5.  The Court allowed Plaintiff 30 days to file an amended complaint and cautioned: "If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed."  *Id.* at 6.  The amended complaint was due May 22, 2026, and no amended complaint was filed.

## II.    Analysis

As set forth in the prior screening order, Plaintiff's one sentence of factual allegations (ECF No. 1 at 5) is conclusory.  There are no dates pled, and the allegation lacks factual content. Instead, Plaintiff merely alleges that Defendant refused to accommodate and made a false accusation.  ECF No. 5 at 5.  Plaintiff's complaint fails to comply with Rule 8.

Plaintiff additionally fails to state a claim because a formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Twombly*, 550 U.S. at 555-57; *Iqbal*, 556 U.S. at 678. To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Plaintiff was advised of the elements of a claim under both Title II and Title III of the ADA and was allowed leave to amend.  ECF No. 3 at 4-6.  Plaintiff did not file an amended complaint.  Accordingly, the Court recommends the action be dismissed without leave to amend. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court

2

has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").

**III.     CONCLUSION**

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's Complaint and this action be dismissed without leave to amend for failure to state a claim; and

2.  The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 4, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3